UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 5:13-123 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| KHAALIQ ALIM OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the defendant's motion to dismiss the indictment and his motion to sever his trial from that of his co-defendants (DE 208). For the following reasons, both motions will be denied.

With his motion to dismiss, the defendant Khaaliq Alim Owens argues that the United States does not have standing to assert the claims against him contained in the indictment. He argues that the government "is lacking in proof and evidence beyond a reasonable doubt to show some form of individualized injurious conduct to a community or any other natural or artificial person(s) by Defendant in regards to alleged drug trafficking." (DE 208, CM-ECF pp 2-3.)

To the extent that Owens is arguing that the government has no standing to prosecute him because the government has not been injured by the acts alleged in the indictment, "the Government doubtlessly suffers an 'injury in fact' when a defendant violates its criminal laws." *United States v. Yarbrough*, 452 F. App'x 186, 189 (3rd Cir. 2011). *See also United States v. Daniels*, 48 F. App'x 409, 418 (3rd Cir. 2002) ("As sovereign, the United States has standing to prosecute violations of valid criminal statutes."); *Rice v. Farley*, No. 14-31-ART, 2014 WL 2441260, at \*3 (E.D. Ky. May 30,

2014) ("Standing is no more than the litigable interest necessary to create a case, and when it comes to the government, wrongs to the public at large—generalized grievances—will do.")

Owens may also be arguing that the government does not have sufficient evidence to convict him of possessing contraband. This argument is not properly brought before trial. The proper method for challenging the government's evidence is with a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29. That motion is asserted at the close of the government's case-in-chief.

As to Owens motion to sever, he does not explicitly state any grounds for a severance. His motion mentions severance in only one sentence. Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment. . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). The Supreme Court has explained that:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Owens has not shown a serious risk that a joint trial will compromise any specific trial right or prevent the jury from making a reliable judgment about his guilt or innocence.

Furthermore, "juries are presumed capable of sorting evidence and considering separately each count and each defendant." *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Welch*, 97 F.3d 142, 147 (6th Cir.1996)).

Any risk of prejudice from "spillover" evidence in this case can be addressed through careful instructions to the jury. In accordance with the Sixth Circuit Pattern Criminal Jury Instructions, when evidence is presented at trial that implicates certain defendants but not others, the Court will instruct the jury that they should consider the evidence against only the relevant defendants and that they cannot consider it any way against any of the other defendants. Sixth Circuit Pattern Jury Instructions, § 7.18.

The Court will also instruct the jury that they must separately consider the evidence as to each defendant and separately decide for each defendant whether the government has proved that particular defendant guilty. Sixth Circuit Pattern Jury Instructions, § 2.01D. Such instructions "often will suffice to cure any risk of prejudice" from joint trials. *Zafiro*, 506 U.S. at 539. Owens has provided no reason that such instructions will not be adequate in this case.

For all these reasons, the Court hereby ORDERS that Owens' motion to dismiss the indictment and to sever his trial from that of his co-defendants (DE 208) is DENIED.

Dated this 10th day of June, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY