UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>v.<br><br>KHAALIQ ALIM OWENS,<br><br>   Defendant. | CRIMINAL NO. 5:13-123<br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the defendant's motion for a bill of particulars (DE 230).

The defendant is charged with one count of conspiring to distribute heroin and one count of possessing heroin with the intent to distribute it. With his motion, the defendant appears to request that the Court order the United States to produce certain Internal Revenue Service forms. He specifically mentions the 1040, 1096, and 1099 forms.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes . . . It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). The "accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars."

*United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

The indictment in this case adequately informs Owens of the charges against him and sets forth the statutes he is charged with violating. Count 1 sets forth the dates of the alleged conspiracy and explains its alleged purpose. Count 2 sets forth the date of the alleged violation and explains the substance that Owens allegedly possessed on that date. The government is not required to set forth any further information in the indictment.

Though Owens captions his motion as one for a bill of particulars, as explained, his motion appears to request an order directing the government to provide him with certain IRS forms. In its response, the government states it has provided "full discovery pursuant to Rule 16 and the court's order." Accordingly, it does not appear that the government has the forms the defendant requests.

For these reasons, the Court hereby ORDERS that the motion for a bill of particulars filed by defendant Khaaliq Alim Owens (DE 230) is DENIED.

Dated this 16th day of June, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY