UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:13-CR-123-KKC-EBA-1
CIVIL ACTION NO. 5:17-CV-233-KKC-EBA

UNITED STATES OF AMERICA,                                                                                                       PLAINTIFF,

V.                           **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

KHAALIQ ALIM OWENS,                                                                  DEFENDANT.

**INTRODUCTION**

This matter is before the undersigned on Khaaliq Alim Owens' *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 437 (AO 243); R. 423 (Memorandum); R. 430 (Memorandum); R. 460 (Reply)]. The matter has been fully briefed, and is ripe for review. For the reasons that follow, it is recommended that Defendant's Motion to Vacate be **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant plead guilty to Conspiracy to Distribute 100 Grams or More of Heroin under 21 U.S.C. § 846. [R. 10; R. 394; R. 395; R. 398]. He was sentenced to a term of imprisonment of 120 months to be followed by eight (8) years of supervised release. [R. 398]. This ten-year term of imprisonment is the statutory minimum Defendant was eligible to receive under 21 U.S.C. § 841(b)(1)(B)(i), because he had a prior felony drug conviction for Delivering/Manufacturing a Controlled Substance (Cocaine, Heroin or another Narcotic) of less than 50 grams, under Michigan state law, M.C.L.A. § 333.7401, [R. 77; R. 394 at ¶ 5].

On appeal, the Sixth Circuit Court of Appeals upheld both Defendant's conviction and sentence. [R. 421; R. 422].

This Court is obligated to broadly construe Defendant's *pro se* Motion to Vacate, evaluating his arguments according to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In doing so, the Court has determined that Owens raises three claims for relief: first, that he received ineffective assistance of counsel, rendering his Plea Agreement, sentence, and waiver of his right to collaterally attack both invalid. [R. 460]. Second, that a notice of prior felony conviction under title 21 U.S.C. § 851 should not have been filed as his prior offense under Michigan state law was not a prior "felony drug offense" for purposes of 21 U.S.C. §§ 841 and 851. [R. 423]. Finally, that *Mathis v. United States*, 136 S. Ct. 2243 (2016), serves as an intervening authority invalidating Defendant's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924. [R. 430]. Each of these arguments is addressed below, where it is determined that Defendant is not entitled to habeas corpus relief.

## I. ANALYSIS OF DEFENDANT'S INEFFECTIVE ASSISTANCE CLAIMS

### A. Defendant Did Not Receive Ineffective Assistance of Counsel at His Plea Negotiation and Sentencing

Defendant alleges that his counsel was ineffective during plea negotiation and sentencing for failing to inform the petitioner that a 21 U.S.C. § 851 Notice should not have been filed in his case, as Defendant's prior felony drug offense under Michigan state law, M.C.L.A. § 333.7401, was not a prior "felony drug offense" for purposes of 21 U.S.C. §§ 841 and 851. [R. 423]. Defendant, however, is mistaken with regard to the substantive claim underlying his claim of ineffective assistance. Likewise, Defendant produces no independent factual evidence in support of his claim of ineffective assistance. For that reason, Defendant's arguments fail.

### i. Defendant's Counsel was Not Ineffective for Declining to Object to the Consideration of Defendant's Prior Felony Drug Offense under M.C.L.A. § 333.7401

Defendant's contention that his Michigan state felony under M.C.L.A. § 333.7401 could

not be considered as a prior felony drug offense for purposes of 21 U.S.C. § 841 lacks merit. Defendant contends that his prior offense must have qualified as a separate felony drug offense under *federal law* in order to be used as a predicate offense for purposes of the ten-year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(B) for repeat drug offenders. [R. 423 at 5–7]. This is the precise argument resolved by *Burgess v. United States*, 553 U.S. 124 (2008). *Burgess* found that 21 U.S.C. § 802(44) provides the exclusive definition of a "felony drug offense" for purposes of 21 U.S.C. § 841(b) (requiring a ten-year (10-year) mandatory minimum sentence for offenders with "a prior conviction for a felony drug offense").

> 21 U.S.C. § 802(44) provides:
>
> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a *State* or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

(emphasis added). Thus, so long as a drug offense carries a penalty of more than one year of imprisonment, that offense qualifies as a predicate offense for purposes of an enhanced penalty under 21 U.S.C. § 841. *Burgess*, 553 U.S. 124, 129 ("Under the Government's reading, all defendants whose prior drug crimes were punishable by more than one year in prison would be subject to the § 841(b)(1)(A) enhancement, regardless of the punishing jurisdiction's classification of the offense. The Government's reading, we are convinced, correctly interprets the statutory text and context."). Because Defendant's Michigan state drug crime under M.C.L.A. § 333.7401 was a drug offense involving the delivery/Manufacture of less than 50 grams of Heroin, and carried a penalty of more than one year of imprisonment, [R. 403, *Defendant's Presentence Report*, at 11 ¶ 48 (one to twenty years of imprisonment)], his prior state drug conviction was properly considered for purposes of sentencing under 21 U.S.C. § 841(b)(1)(B)(i) and 21 U.S.C. § 851.

At his Rearraignment, Defendant confirmed that his Michigan state prior felony drug

offense under M.C.L.A. § 333.7401 qualified him for an enhanced penalty under 21 U.S.C. § 841. [R. 413 at 12 ¶ 5–13 ¶ 1]. The Sixth Circuit found that Defendant's acknowledgment of his guilt and the applicable penalties in his case at his Rearraignment was knowingly, voluntarily, and intelligently provided pursuant to Defendant's Plea Agreement. [R. 421 at 2 ("Owen's plea was knowing, voluntary, and intelligent.") (citing *United States v. Gardner*, 417 F.3d 541, 544 (6th Cir. 2005))]. In addition, there is no legal basis on which to challenge the consideration of Defendant's prior felony drug offense under M.C.L.A. § 333.7401, because Defendant's prior offense was properly considered under 21 U.S.C. § 802(44) and 21 U.S.C. § 841(b)(1)(B). *Burgess v. United States*, 553 U.S. 124, 129 (2008). Defendant's argument of ineffective assistance of counsel for failing to inform him that the use of the prior offense in the calculation of his mandatory minimum sentence is misplaced. Defendant's counsel was not deficient in his representation of Owens with regard to the consideration of his prior felony drug offense. *Greer v. Mitchell*, 264 F.3d 663, 677 (6th Cir. 2001).

### ii. Defendant's Counsel was Not Ineffective for Declining to Object to the United States' 21 U.S.C. § 851 Notice of Defendant's Prior Felony Drug Offense

Defendant's argument that a 21 U.S.C. § 851 Notice should not have been filed in his case is related to his erroneous substantive contention that his Michigan state felony under M.C.L.A. § 333.7401 could not be considered as a prior felony drug offense for purposes of 21 U.S.C. § 841. Specifically, Defendant appears to believe that his Michigan state felony under M.C.L.A. § 333.7401 could not be considered as a prior felony drug offense for purposes of an increased penalty under 21 U.S.C. § 841(b)(1)(B), unless the precise conduct described by M.C.L.A. § 333.7401 is also specifically prohibited under *federal law*. Because Defendant believes M.C.L.A. § 333.7401 could not qualify as a prior felony drug offense for purposes of 21 U.S.C. § 841(b)(1)(B), he also believes that the Notice of Prior Conviction, [R. 77], filed in his case

somehow unconstitutionally prejudiced him, resulting in the allegedly unconstitutional sentence Defendant agreed to, which was also specifically upheld by the Sixth Circuit. [*See, e.g.*, R. 421 at 3 ("[E]ven absent the [] waiver, there is no arguable basis on which to challenge Owen's sentence, which was the sentence agreed upon by the parties and the minimum sentence mandated by statute.") (citing Fed. R. Crim. P. 11(c)(1)(C); *United Sates v. Elson*, 577 F.3d 713, 722 (6th Cir. 2009))].

As discussed, Defendant's prior felony drug offense under M.C.L.A. § 333.7401 was properly considered for purposes of sentencing under 21 U.S.C. § 841(b)(1)(B). For that reason, so long as the terms of 21 U.S.C. § 851 were complied with, there can be no legal error on the basis of some abuse of 21 U.S.C. § 851 in Defendant's case. *See United States v. Snow*, 634 F. App'x 569, 573 (6th Cir. 2016). Likewise, if the terms of 21 U.S.C. § 851 were properly complied with, it is axiomatic that Defendant's counsel cannot be found ineffective for failing to object to an error that did not exist. *Greer v. Mitchell*, 264 F.3d 663, 677 (6th Cir. 2001).

21 U.S.C. § 851(a)(1) provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

As correctly noted by the United States, this statute serves two purposes. "First, it allows a defendant to 'contest the accuracy of the information,' and second, it allows a defendant 'to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty plea.'" *United States v. Melton*, 239 F. App'x 192, 194 (6th Cir. Aug. 10, 2007) (quoting *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995)). Proper use of the statute, which applies broadly to drug cases, *United States v. Aguilar-*

*Ortiz*, 86 F. App'x 390, 392 (10th Cir. Jan. 23, 2004) ("21 U.S.C. § 851 applies only to drug cases"), is determined based on compliance with the plain language of the statute, *United States v. Snow*, 634 F. App'x 569, 573 (6th Cir. 2016). This procedure is accepted and has been used in every district court of the United States since the 1970s. *See Custis v. United States*, 511 U.S. 485, 491–92 (1994).

One month following Defendant's arrest on drug charges, [R. 10; R. 27], the United States entered a Notice to the court providing that "if Defendant is convicted of Count 1 or 2 in the Indictment herein, then he shall be subject to an enhanced statutory punishment pursuant to 21 U.S.C. § 841(b)(1), based on his prior felony drug conviction," [R. 77]. Defendant's prior felony drug conviction was a Michigan state charge under M.C.L.A. § 333.7401 for the delivery of less than fifty (50) grams of a controlled substance. [*Id.*; *see also* R. 403, *Defendant's Presentence Report*, at 11 ¶ 48]. This prior felony drug offense subjected Defendant to an enhanced penalty under 21 U.S.C. § 841(b)(1)(B)(i), which, in the flush language, provides if any person conspires to distribute 100 grams or more of heroin, "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years."

It is apparent that the plain language of 21 U.S.C. § 851 was complied with by the United States in providing notice to the court and Defendant of Defendant's prior felony drug offense, and the increased penalty resulting from that same prior felony drug offense under 21 U.S.C. § 841(b)(1)(B)(i). [R. 77]. Likewise, the parties permissibly negotiated a sentence for Defendant that complies with the terms of 21 U.S.C. § 841(b)(1)(B)(i), providing Defendant with the minimum sentence he was eligible to receive under that same statute, and thereby binding the court to impose that sentence. [*See generally* R. 394; R. 413; R. 421]. Considering the law and facts before the

court, Defendant has presented no argument establishing grounds for relief due to the misuse of 21 U.S.C. § 841 or 21 U.S.C. § 851. The Sixth Circuit similarly so found. [R. 421].

There is no legal error to challenge with regard to the Notice of Prior Conviction filed in Defendant's case. [R. 77; R. 421 at 3]. For that reason, it is legally impossible to find Defendant's counsel was ineffective for failing to object to the filing of the 21 U.S.C. § 851 Notice, a procedure which is statutorily required, *id.*; designed to protect the interests of defendants, *United States v. Melton*, 239 F. App'x 192, 194 (6th Cir. Aug. 10, 2007); and employed in every United States District Court in the country, *see Custis v. United States*, 511 U.S. 485, 491–92 (1994). "[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 677 (6th Cir. 2001).

## B. Defendant Did Not Receive Ineffective Assistance of Counsel on Appeal

Although Defendant's statements on the issue are brief, Defendant's Reply, [R. 460], asserts that Defendant's appellate counsel was ineffective. Specifically, Defendant alleges (1) that his appellate counsel failed to adequately present Defendant's rejected arguments on appeal, (2) failed to inform Defendant of his claimed "mismatch" between M.C.L.A. § 333.7401 and 21 U.S.C. § 841, and (3) failed to inform Defendant of the applicability of various irrelevant precedents. [R. 460 at 8]. The Sixth Circuit thoroughly addressed Defendant's first claim. [R. 421 at 2]. On appeal, Defendant's counsel filed an Anders Brief, *see Anders v. California*, 386 U.S. 738 (1967), seeking withdrawal and stating the arguments Defendant wished to raise on appeal, but noting that said arguments lacked merit. These arguments included: (1) that the case against Defendant should have been dismissed for lack of jurisdiction, because Defendant believes he is his own sovereign state; (2) that Defendant was entitled to a bill of particulars detailing his crimes; and (3) that Defendant should have been entitled to withdraw his guilty plea. [R. 421 at 2].

The Sixth Circuit agreed with Defendant's appellate counsel that all of these grounds are meritless. [*Id.* at 2]. The Sixth Circuit found Defendant's contention that he is his own sovereign state "frivolous," noting that his argument "has no conceivable basis in American law." [*Id.* at 3 (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)]. In addition, the Sixth Circuit noted that the District Court did not err in denying Defendant's motion for a bill of particulars, because the indictment "adequately informed Owens of the charges against him." [*Id.* at 3 (citing *United States v. Robinson*, 309 F.3d 853, 867 (6th Cir. 2004)]. Finally, the Sixth Circuit held that Defendant's knowing, voluntary, and intelligent entry into his Plea Agreement—which provided for Defendant's waiver of his rights to appeal and collaterally attack his guilty plea, conviction, and sentence—prevented him from challenging his guilty plea on appeal. Simply, Defendant's "waiver bars him from challenging the denial of his motion to withdraw his guilty plea." [*Id.* at 3 (citing *United States v. Toth*, 668 F.3d 374, 378–78 (6th Cir. 2012)].

Defendant's second and third arguments—that his appellate counsel failed to inform him of Defendant's claimed mismatch between M.C.L.A. § 333.7401 and 21 U.S.C. § 841 and of the applicability of various irrelevant precedents—are similarly meritless. Defendant's argument in his Reply, [R. 460], that there is some mismatch between M.C.L.A. § 333.7401 and 21 U.S.C. § 841, [*id.* at 8–9], appears to rest on the assumption that he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924, as he makes his argument preceding citations to *Taylor v. United States*, 495 U.S. 575 (1990) (discussing the Armed Career Criminal Act), and *Shepard v. United States*, 544 U.S. 13 (2005) (discussing the Armed Career Criminal Act). But Defendant was not sentenced under the Armed Career Criminal Act. [*See generally* R. 394 (Defendant's Plea Agreement, providing for sentencing pursuant to 21 U.S.C. § 841)]. For that reason, no sound argument can be made that Defendant's counsel was ineffective at any point for failing to make

an argument with regard to the Armed Career Criminal Act. That statute did not apply to Defendant's conduct, and "counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 677 (6th Cir. 2001).

Likewise, Defendant's citations to *Taylor v. United States*, 495 U.S. 575 (1990) (discussing the Armed Career Criminal Act), *Shepard v. United States*, 544 U.S. 13 (2005) (discussing the Armed Career Criminal Act), and *Descamps v. United States*, 570 U.S. 254 (2013) (discussing the Armed Career Criminal Act), are also unpersuasive. All of these cases interpret provisions of the Armed Career Criminal Act, 18 U.S.C. § 924, which, as discussed above and below, did not apply to Defendant's conduct. [*See generally* R. 394 (Defendant's Plea Agreement, providing for sentencing pursuant to 21 U.S.C. § 841, not 18 U.S.C. § 924)]. Any argument with regard to these cases or the Armed Career Criminal Act would have failed. For that reason, Defendant's counsel cannot be found to have been ineffective for not raising the arguments on appeal. *Greer v. Mitchell*, 264 F.3d 663, 677 (6th Cir. 2001).

## II. ANALYSIS OF DEFENDANT'S *MATHIS* CLAIMS

Aside from ineffective assistance of counsel, [R. 460], Defendant otherwise argues he is entitled to relief because *Mathis v. United States*, 136 S. Ct. 2243 (2016), serves as an intervening authority invalidating Defendant's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924. [R. 430].

However, *Mathis* does not apply in Defendant's case. Defendant believes *Mathis v. United States*, 136 S. Ct. 2243 (2016), retroactively invalidates Defendant's mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(i) based upon his prior Michigan conviction. [R. 430].[1] *Mathis*,

---

[1] Defendant claims that he does not argue that *Mathis* is retroactive, [R. 460 at 4 ("The petitioner is not claiming that *Mathis* sets for a new law or rule that applies retroactively.")], but he does, in fact, argue that *Mathis* applies retroactively, [*See, e.g.*, *id.* at 6 (discussing *Mathis*, "the law in this Circuit establishes that new decisions interpreting

however, considers and *exclusively* applies to sentences imposed under the Armed Career Criminal Act, 18 U.S.C. § 924. Defendant's sentence was imposed under 21 U.S.C. § 841. [R. 394 at 1 ¶ 2, 3 ¶ 5–6; R. 413 at 12 ¶ 5–13 ¶ 1; R. 421]. For that reason, *Mathis* does not provide Defendant a ground for relief.

Even assuming, however, that Defendant had been sentenced under the Armed Career Criminal Act,[2] 18 U.S.C. § 924, Defendant's argument would still be unpersuasive. This is because *Mathis v. United States*, 136 S. Ct. 2243 (2016) is not retroactive and cannot apply in this case. "The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth)." *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017). "One: *Mathis* does not announce a rule of *constitutional* law. [*Mathis*] merely interprets the statutory word 'burglary' in the Armed Career Criminal Act." *Id.* at 377; *see also Mathis*, 136 S. Ct. at 2250. "Two: under *Tyler v. Cain*, 533 U.S. 656, (2001), 'a new rule is not "made retroactive to cases on collateral review" unless the Supreme Court holds it to be retroactive.'" *In re Conzelmann*, 872 F.3d at 376 (quoting *Tyler*, 533 U.S. at 663). "*Mathis* has not been declared retroactive by the Supreme Court." *Id.* at 377. For that reason, *Mathis* does not apply in this case, and Defendant's *Mathis* claim is moot. *Id.* at 376 (*Mathis* "did not announce a new rule of constitutional law made retroactive by the Supreme Court."); *see also Mathis*, 136 S. Ct. at 2257; *Jackson v. United States*, 2017 WL 3976627 (6th Cir. April 6, 2017); *accord Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce such a rule; it is a case of statutory interpretation. An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *United States v. Taylor*, 672 F. App'x

---

Federal Statutes that substantially define offenses automatically apply retroactively."); R. 430 (arguing *Mathis* is an intervening authority entitling defendant to relief)].

[2] Related to Defendant's *Mathis* argument in his earlier filings, [R. 430], in his Reply, Defendant asserts that he was wrongly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924, [R. 460 at 4]. Defendant was not sentenced under the Armed Career Criminal Act. [R. 394 at 3 ¶ 5; R. 413 at 12 ¶ 5–13 ¶ 1]. The argument is irrelevant.

860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (recognizing the same); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (recognizing the same). Therefore, *Mathis* provides no relief in this action.

## CONCLUSION

Although it is the duty of this Court to review Defendant's *pro se* Motion to Vacate, according to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Defendant has failed to show this Court any ground on which to find that Defendant is entitled to habeas corpus relief. As such, the undersigned **RECOMMENDS** that Defendant's Motion to Vacate, [R. 437 (AO 243); R. 423 (Memorandum); R. 430 (Memorandum); R. 460 (Reply)], be **DENIED** and **STRICKEN** from the court's active docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 30th day of May, 2018.



Signed By:
Edward B. Atkins   *EBA*
United States Magistrate Judge