UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 5:13-123 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| KHAALIQ ALIM OWENS, | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion by defendant Khaaliq Alim Owens to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 437). The magistrate judge has recommended that the Court deny the motion (DE 463). Owens has filed objections to the recommendation (DE 464). For the following reasons, the Court will deny Owens' motion and overrule his objections.

Owens pleaded guilty to conspiring to distribute 100 grams or more of heroin. The Court sentenced him to 120 months by judgment dated June 12, 2015 (DE 398). This was the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B) because Owens had a prior felony drug conviction. (DE 77, § 851 Notice.)

The magistrate judge determined that Owens asserted three grounds for vacating his sentence: 1) he received ineffective assistance of counsel in entering into the plea agreement; 2) his prior felony drug conviction did not qualify as a "felony drug offense" for purposes of the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(B); and 3) his sentence is invalid under *Mathis v. United States*, 136 S. Ct. 2243 (2016).

The magistrate judge rejected all three arguments. In his objections, Owens continues to argue that his trial counsel did not "fight the prior conviction vigorously and zealously" and was "deficient in his representation with regard to the prior felony drug

offense." As the magistrate judge explained, Owens' prior conviction in Michigan for delivering/manufacturing a controlled substance of less than 50 grams qualifies as a "felony drug offense" for purposes of the 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B). This is because it is an offense punishable by imprisonment for more than one year under the law of any state, namely Michigan. *See* 21 U.S.C. §802(44). There was no basis for Owens' counsel to argue that this prior conviction did not qualify as a prior felony drug conviction. Accordingly, his counsel was not ineffective for failing to make this argument.

For all these reasons, the Court hereby ORDERS as follows:

1) The magistrate judge's report and recommendation (DE 463) is ADOPTED as the Court's opinion;

2) Owens' objections to the recommended disposition (DE 464) are OVERRULED; and

3) Owens' motion to vacate, set aside or correct his sentence (DE 437) under 28 U.S.C. § 2255 is DENIED.

Dated July 25, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY